No. 24-1450

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| STAFFING SERVICES ASSOCIATION OF ILLINOIS, AMERICAN STAFFING ASSOCIATION, CLEARSTAFF INC., M.M.D. INC. d/b/a TheAllStaff Group, Inc., and TEMPSNOW EMPLOYMENT AND PLACEMENT SERVICES LLC,<br><br>Plaintiffs-Appellees,<br><br>v.<br><br>JANE R. FLANAGAN, in her official capacity as the Director of the Illinois Department of Labor,<br><br>Defendant-Appellant. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division<br><br>No. 1:23-cv-16208<br><br>The Honorable THOMAS M. DURKIN, Judge Presiding. |

**MOTION TO VOLUNTARILY DISMISS INTERLOCUTORY APPEAL**

Defendant-appellant Jane R. Flanagan, in her official capacity as the Director of the Illinois Department of Labor, hereby moves under Federal Rule of Appellate Procedure 42(b)(2) to voluntarily dismiss the appeal. Plaintiffs-appellees consent to the relief sought in this motion.

This appeal concerns a challenge to a set of amendments to the Illinois Day and Temporary Labor Services Act ("Act") brought by plaintiffs, who are temporary staffing agencies regulated by that statute and trade associations that represent such

1

agencies. Doc. 1 ¶¶ 5-9.* Plaintiffs alleged among other things that a section of the Act requiring staffing agencies to provide certain long-term temporary laborers with benefits equivalent to those provided by the staffing agencies' clients to comparable employees was preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*. *See* Doc. 1 ¶¶ 68-75. The district court agreed, and entered a preliminary injunction prohibiting the Director from enforcing this provision. SA1, SA23. The Director filed a notice of interlocutory appeal. Doc. 48.

While the appeal was pending, the Illinois General Assembly passed, and the Governor signed into law, a bill that further amended the Act. *See* Pub. Act No. 103-1030 (2024). Although the 2024 amendatory statute made substantive changes to other provisions of the Act, in the Director's view it did not make material changes to the basic operation of the benefits provision, which still requires staffing agencies to provide benefits to long-term temporary employees that are "substantially similar" to the benefits provided by the agencies' clients to comparable workers. *See id.* § 5. Nonetheless, plaintiffs asked the district court to modify the preliminary injunction under Federal Rule of Civil Procedure 62(d) to clarify that it prohibited the Director from enforcing the amended benefits provision and asked that, in the alternative, the district court issue an indicative ruling under Rule 62.1 if it was unsure of its jurisdiction to modify the injunction under Rule 62(d). Doc. 59. On September 23, 2024, the district court held a hearing on the motion and denied it orally. Ex. A; *see*

---

* Entries on the district court's docket are cited "Doc." and the short appendix is cited "SA."

Doc. 69. The court explained that, because the "language" it had "analyzed" in granting the preliminary injunction was "no longer part of the statute," it viewed the proposed modification to the injunction as substantive, not technical, and so it lacked jurisdiction to modify the injunction while the appeal was pending. Ex. A at 3-4. The court thus denied the motion to the extent it sought relief under Rule 62(d), *id.*, and declined to issue an indicative ruling under Rule 62.1, reasoning that it "ha[d] not analyzed the new statutory language" and "decline[d] to do so while the appeal is pending," *id.* at 4-6.

Although the Director continues to believe that the 2024 amendatory act did not make substantial changes to the benefits provision, and that this appeal is not moot, *see Zessar v. Keith*, 536 F.3d 788, 794 (7th Cir. 2008), given the district court's ruling on plaintiffs' motion, she acknowledges that there is now uncertainty over whether the March 2024 injunction retains legal effect and whether there remains a live dispute before this court. The parties have thus agreed that the Director will move to voluntarily dismiss the interlocutory appeal, plaintiffs will seek a renewed preliminary injunction in the district court, and the Director will, if necessary, file a new appeal from any subsequent injunction. Proceeding this way will eliminate any uncertainty over both the enforceability of the benefits provision and this court's jurisdiction over any appeal.

For these reasons, the Director moves under Federal Rule of Appellate Procedure 42(b)(2) to dismiss this interlocutory appeal and, pursuant to Circuit Rule 41, for immediate issuance of the mandate. *See* 7th Cir. R. 41 ("The mandate will

issue immediately when an appeal is dismissed . . . voluntarily . . . ."). The parties will bear their own costs. Plaintiffs consent to the relief sought in this motion.

Dated: October 18, 2024

Respectfully submitted,

KWAME RAOUL
Attorney General
State of Illinois

/s/ Alex Hemmer
ALEX HEMMER
Deputy Solicitor General
115 S. LaSalle St.
Chicago, Illinois 60603
(312) 814-5526
alex.hemmer@ilag.gov

# CERTIFICATE OF FILING AND SERVICE

I certify that on October 18, 2024, I electronically filed this motion to dismiss with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit using the CM/ECF system.

All other participants in this case are CM/ECF users and will be served by that system.

/s/ Alex Hemmer
ALEX HEMMER